**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

JACOB HOLBERT,

      Plaintiff,

    v.                                                                      Case No.: 3:26-cv-729

CITY OF COLUMBUS;
KENDRA RIDDLE,

      Defendants.

## COMPLAINT

NOW COMES Plaintiff, Jacob Holbert, through his undersigned attorneys, as and for a Complaint against the Defendants, City of Columbus and Kendra Riddle, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff, Jacob Holbert ("Holbert"), alleges that Defendants violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by discriminating against Holbert by interfering with his right to take protected leave and retaliating against him for protected activity.

### JURISDICTION AND VENUE

2.      Jurisdiction over Holbert's claims under the FMLA is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3.      The Western District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that Defendants operate within the Western District and the unlawful actions occurred in the Western District.

**PARTIES**

4.      Plaintiff Holbert is an adult citizen of the United States, residing at S100 W39993 Carter Lane, Eagle, WI 53119.

5.      Defendant, City of Columbus ("the City"), is a municipality domiciled at 105 N. Dickason Blvd., Columbus, WI 53925.

6.      Defendant, Kendra Riddle ("Riddle"), is an adult who is domiciled at 1310 Okeeffe Ave., Apt. 214, Sun Prairie, WI 53590.

**JURY DEMAND**

7.      Holbert demands that his cause of action be tried by a jury of his peers.

**OPERATIVE FACTS**

8.      Holbert was employed by the City starting from March 11, 2024 until July 15, 2025.

9.      On March 18, 2025, Holbert was in a car accident while attending a work conference.

10.      As a result of the car accident Holbert suffered a concussion

11.      On March 21, 2025, Holbert first requested FMLA ("FMLA") paperwork.

12.      Holbert was employed as a salaried employee for more than twelve months as of March 21, 2025.

13.      Holbert worked more than 1,250 hours during the twelve months preceding March 21, 2025.

14.      On March 21, 2025, Holbert specifically requested of Stephanie Maschè ("Maschè"), outgoing Human Resources Manager, and Kendra Riddle ("Riddle"), current Human Resources Manager, that his leave be unpaid.

2

15.     From March 28, 2025, to April 4, 2025, Holbert notified the City and his staff leads that he was unable to come into work because of his health.

16.     The City did not send Holbert the FMLA application until March 31, 2025.

17.     On April 3, 2025, Holbert provided the FMLA certification form to his doctor.

18.     Holbert's doctor emailed the completed FMLA certification to the City on April 9, 2025, and again on April 10, 2025.

19.     The City acknowledged receipt of Holbert's FMLA certification on April 15, 2025.

20.     On May 27, 2025, Holbert reiterated to the City his request that his FMLA leave be unpaid.

21.     Holbert's FMLA leave was initially set to end on June 23, 2025.

22.     In May 2025, the City Handbook stated that leave without paid time off ("PTO") or leave under FMLA is recognized as unpaid leave of absence.

23.     The City responded to Holbert's May 27, 2025, communication informing Holbert that its policy is to require exhaustion of all paid leave before unpaid leave can be taken. As a result, the City used Holbert's PTO during his FMLA leave.

24.     On June 3, 2025, during a Microsoft Teams call, Riddle encouraged Holbert to end his employment with the city and accept a severance package.

25.     Holbert refused to accept a severance agreement.

26.     One week following the June 3, 2025, meeting with Riddle, Holbert filed a Complaint with the Wisconsin Department of Workforce Development, Equal Rights Division alleging that the City had violated his rights under the Wisconsin Family And Medical Leave Act.

3

27. On June 18, 2025, Holbert requested an extension to his leave of absence.

28. On June 20, 2025, the City extended Holbert's leave of absence for another 20 days, which ended on July 9, 2025.

29. Holbert's doctor did not authorize him to return to work until July 14, 2025.

30. Holbert intended to come back to work on July 14, 2025, without restrictions.

31. At the time the City extended Holbert's leave of absence until July 9, 2025, they were aware he was not authorized to return to work until July 14, 2025.

32. In the City's June 20, 2025, authorization and extension letter, it directed Holbert to work with Riddle and the City Administrator, Matt Amundson, to address work leave.

33. On or around June 30, 2025 Holbert's medical providers notified the City that Holbert was diagnosed with cervical radiculopathy.

34. Holbert intended to use his paid leave between June 23, 2025 and July 14, 2025.

35. On July 3, 2025, Holbert requested that he be able to return to work with no restrictions on July 14, 2025, per his doctor's report.

36. The City terminated Holbert's employment on July 15, 2025.

37. The City was covered by the FMLA.

38. Holbert was entitled to leave under the FMLA.

39. Holbert provided sufficient notice to defendant of his intent to take FMLA leave.

40. At all times relevant to this Complaint, Riddle acted directly or indirectly, in the interest of the City.

41. Holbert had never received a negative performance review or discipline from the City.

4

42.     The City and Riddle took materially adverse actions against Holbert by terminating his employment on July 15, 2026, because Holbert exercised his protected rights under the FMLA.

43.     Holbert's protected conduct was a substantial or motivating factor in the decision by the City and Riddle  to terminate his employment.

44.     The materially adverse actions by the City and Riddle against Holbert interfered with his FMLA rights.

45.     The materially adverse actions by the City and Riddle caused Holbert to suffer monetary losses.

## FIRST COUNT
## FMLA INTERFERENCE §2615(A)(1)

46.     As and for a First Count, Holbert re-asserts the allegations recited above at paragraphs 1 through 40 and fully incorporates those paragraphs herein by reference.

47.     The City deprived Holbert of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that: he was eligible for the FMLA's protections; the City was covered by the FMLA; Holbert was entitled to leave under the FMLA; he provided sufficient notice of his intent to take FMLA leave; and, the City denied his FMLA benefits to which he was entitled.

48.     The allegations more particularly described above regarding the intentional discriminatory practices of the City, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*].

49.     The allegations more particularly described above caused Holbert wage loss, benefits loss, and expenses, all to her damage.

5

**SECOND COUNT**
**FMLA RETALIATION §2615(a)(2)**

50.    As and for a Second Count, Holbert re-asserts the allegations recited above at paragraphs 1 through 46d and fully incorporates those paragraphs herein by reference.

51.    The City violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating his employment on account of his activity protected by the FMLA.

52.    The allegations more particularly described above regarding the intentional discriminatory practices of the City, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

53.    The allegations more particularly described above caused Holbert wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Plaintiff, Jacob Holbert, demands relief as follows:

    A.  Compensatory damages for losses of wages, benefits, and expenses;

    B.  Costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting these claims, together with interest on said fees;

    C.  damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

    D.  the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

    E.  equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

F.  a reasonable attorney fee pursuant to 29 U.S.C. § 2617;

G.  reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

H.  costs of the action pursuant to 29 U.S.C. § 2617;

I.  an additional amount as liquidated damages equal to the sum of damages

and interest pursuant to 29 U.S.C. § 2617; and

J.  such other relief as the court deems just and equitable.

Dated this 7th of August, 2026.

*Electronically signed by Tristan N. Bullington*
Tristan N. Bullington, SBN: 1138110
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: TBullington@Employee-Advocates.com
Email: AOlson@Employee-Advocates.com